# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

RLI INSURANCE COMPANY

**DEFENDANTS**

PHILADELPHIA INDEMNITY INS. CO. and
USF INSURANCE CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

304-CV0635-D

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GREG K. WINSLETT
Quilling, Selander, Cmmiskey & Lownds, P.C.
2001 Bryan Tower, Suite 1800
Dallas, Texas 75201
214-871-2100

ATTORNEYS (IF KNOWN)

RECEIVED
MAR 26 2004
CLERK, U.S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 891 Agricultural Acts |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regulations | ☐ 840 Trademark | ☐ 892 Economic Stabilization Act |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 893 Env Matters |
| ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party | |
| | | ☐ 540 Mandamus & Other | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1331 and 1367

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND** None by Plaintiffs;

CHECK YES only if demanded in complaint.
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: March 26, 2004

SIGNATURE OF ATTORNEY OF RECORD

Greg K Winslett, Counsel for Plaintiff

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
MAR 26 2004
CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | 304-CV0635-D |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE | § | |
| COMPANY and USF INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff, RLI Insurance Company ("RLI"), files this its Original Complaint, and would respectfully show the Court as follows:

### I.
### PARTIES

1. RLI is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois, and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. § 1332.

2. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia"), is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania, and is, therefore, a citizen of the State of Pennsylvania which may be served by delivering a copy of this Complaint and Summons to its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

3.      Defendant USF Insurance Company ("USF"), is an insurance company organized under laws of the state of Pennsylvania with its principal place of business in either Harrisburg, Pennsylvania, or Farmington Hills, Michigan, and is therefore, a citizen of either Pennsylvania or Michigan which may be served by delivering a copy of this Complaint and Summons to the company at 30833 Northwestern Highway, Suite 220, Farmington Hills, Michigan, 48334, through the Texas Commissioner of Insurance, Mr. Jose Montemayor at P.O. Box 149104, 333 Guadalupe, Austin, Texas 78714.

4.      Neither Philadelphia nor USF has its principal place of business in the State of Illinois.

## II.
## JURISDICTION AND VENUE

5.      This is a civil controversy between citizens of different states. The amount in controversy in this matter, exclusive of interest, costs, and attorneys' fees, exceeds $75,000. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(a) and (c).

## III.
## NATURE OF ACTION

7.      In this action, RLI seeks to recover amounts paid by RLI on behalf of various insureds, including BMW Healthcare, Inc. (hereinafter collectively referred to as "BMW"), to compromise and settle claims against BMW asserted in a civil action pending in the 4th Judicial District Court of Rusk County, Texas, Cause No. 2001-389 styled *Ethel Marie Tutt, Individually and as Representative of the Estate of Payton Moore and Representatives of All Wrongful Death*

*Beneficiaries v. BMW Healthcare, Inc., et al* (the "Underlying Action"). Plaintiff is entitled to recover certain amounts paid in settlement of the Underlying Action from Philadelphia and USF because those companies issued insurance policies to BMW which provided coverage for the claims alleged in the Underlying Action, but both Philadelphia and USF failed to tender the full amount each company was obligated to tender in settlement of the Underlying Action, thus forcing Plaintiff to involuntarily pay a disproportionate amount of the settlement.

## IV.
## FACTUAL BACKGROUND

**A.     The Insurance Policies**

8.     Philadelphia issued a commercial general liability insurance policy no. PHPG203358 to BMW d/b/a Westridge Manor for the policy period from October 1, 1998 though October 28, 1999, with primary liability limits of $1,000,000 per occurrence (the "Philadelphia primary policy"), and a commercial excess liability policy no. PHUM201801 for the period from October 1, 1998 to October 28, 1999, with excess liability limits of $1,000,000 (the "Philadelphia excess policy"). These Philadelphia policies provided coverage for the claims in the Underlying Action.

9.     USF issued a commercial general liability policy no. MS01053 to BMW for the policy period of March 18, 1999 through March 18, 2000, with primary liability limits of $1,000,000 per occurrence (the "USF policy"). This USF policy provided coverage for the claims in the Underlying Action.

10.     Plaintiff, RLI, issued a commercial umbrella liability policy no. OUL00300685 to BMW for the policy period from March 18, 1999 to March 18, 2000, with umbrella liability limits of $5,000,000 (the "RLI policy"). The RLI policy provided coverage in excess of the limits of the Philadelphia and USF primary policies for the claims in the Underlying Action.

B. **The Underlying Action**

11. BMW is a corporation engaged in the business of operating nursing home facilities including a facility known as Westridge Manor in the state of Texas. In the Underlying Action, the plaintiff alleged that Mr. Payton Moore was a resident of Westridge Manor, and that during Mr. Moore's residency, he sustained physical and mental injuries and ultimately died as a result of alleged negligence and negligence per se on the part of BMW. During mediation in the Underlying Action, BMW was presented with an opportunity to settle the plaintiffs' claims against BMW in exchange for a payment of $3,900,000, an amount within the limits of available insurance coverage. BMW settled the Underlying Action by agreeing to pay $3,900,000, $2,450,000 of which was paid by RLI, $950,000 of which was paid by Philadelphia, and $500,000 of which was paid by USF.

12. The plaintiff's allegations and the settlement agreement in the Underlying Action triggered the policy obligations of Philadelphia and USF under the above-referenced policies, including the obligation to pay the full limits of their respective primary policies as well as a proportionate share of the limits of the Philadelphia excess policy in order to fund the settlement of the Underlying Action for the total consideration of $3,900,000.

C. **Defendants' Failure to Discharge their Obligations under the Policies**

13. As a result of discovery conducted in the Underlying Action, BMW, RLI, Philadelphia and USF concluded that the facts presented in the Underlying Action warranted settlement of that case within the limits of available insurance in order to protect the interests of BMW. BMW, RLI, Philadelphia and USF further concluded and agreed that the unconditional demand to settle the Underlying Action for the total settlement payment of $3,900,000 and a settlement in that amount was justified, reasonable and warranted under the circumstances, and that the plaintiff's allegations of a continuing course of substandard, improper care for Mr. Moore were

within the scope of coverage of Philadelphia's primary and excess policies as well as the USF primary policy. The terms of the above-referenced settlement demand were such that an ordinarily prudent insurer would have accepted it, considering the likelihood and degree of BMW's potential exposure to an excess judgment. Accordingly, in order to fund the negotiated settlement in the Underlying Action, both Philadelphia and USF were each required to contribute the full $1,000,000 primary limit of each of the above-referenced primary policies before any obligation was triggered under the RLI policy to make any contribution towards settlement of the Underlying Action, as specifically set forth under the terms of the RLI policy which provides as follows:

    II.    **LIMITS OF LIABILITY**

        A.    Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain **bodily injury, property damage, personal injury** or **advertising injury**, (3) claims made or suits brought on account of **bodily injury, property damage, personal injury** or **advertising injury**, (4) **automobiles, aircraft,** or **watercraft** to which this policy applies, or (5) coverages under which loss is insured in this policy, we shall only be liable for the **ultimate net loss** in **excess** of:

            1.    the applicable limits of **scheduled underlying insurance** stated in Item 5. of the Declarations, for **occurrences** covered by **scheduled underlying Insurance**, plus the limits of any **unscheduled underlying insurance** which also provides coverage for such **occurrences**; or

            2.    the **unscheduled underlying insurance** or the **retained limit**, whichever is greater, for **occurrences** covered by **unscheduled underlying insurance** and by this policy only; or

            3.    the **retained limit,** for **occurrences** covered by this policy only;

        but only up to the amount of our limits of liability as stated in Item 3. of the Declarations, because of any single **occurrence**.

14.    Despite their obligations, however, both Philadelphia and USF refused to tender the full $1,000,000 primary limit under each of their respective primary policies in order to fund the settlement of the Underlying Action, which was in the best interest of BMW and necessary to protect BMW. Contrary to their obligations under their primary insurance contracts and under applicable

law, Philadelphia and USF maintained that each was required to contribute only one-half of their respective $1,000,000 primary liability limits, and that a collective payment of $1,000,000 as between both Philadelphia and USF was sufficient to trigger the obligations of RLI under the RLI policy. Because of the failure and refusal of both Philadelphia and USF to honor the obligations under their respective primary policies, RLI was forced to fund a disproportionate amount of the settlement in order to protect the interests of BMW, and to insure that the opportunity to settle the case for an amount within the limits of available insurance would not be lost as a result of the conduct of Philadelphia and USF. In this regard, RLI's agreement to fund a disproportionate amount of the settlement was not voluntary as a matter of fact, and as a matter of law.

15. In addition to each Defendant's failure to satisfy and discharge their obligation under the primary policies owing to both the insured BMW and RLI as the excess carrier, Philadelphia further failed to contribute its proportionate share of the settlement under the Philadelphia excess policy, and therefore, Philadelphia failed and refused to satisfy and discharge its duties and obligations owing to BMW and RLI under the Philadelphia excess policy.

16. In addition to its rights under common law and in equity to pursue these claims against Defendants, RLI is also entitled to pursue the claims herein under the specific provisions of the RLI policy which provide, in pertinent part, as follows:

> VII.   **CONDITIONS**
>
>> K.   **Subrogation**
>>
>>> In the case of any payment by us under the coverages of this policy, we shall be subrogated to all rights of recovery against any other party which any **insured** may have. We will cooperate with the **insured** and all other interests. Any amounts recovered shall be apportioned in the following order:
>>>
>>> 1. Any amount paid in excess of the payments under this policy shall first be reimbursed up to the amount paid by those, including the **insured**, who made such payments;
>>>
>>> 2. We are then to be reimbursed up to the amount we paid;

**ORIGINAL COMPLAINT** - Page 6

S:\FILES\RLI\Moore v BMW 3015.0087\COMPLAINT VERSION TWO.wpd

3.  Any remainder shall be available to the interests of those over whom this coverage is in excess and who are entitled to claim such remainder.

Expenses necessary to the recovery of any such amounts shall be divided between the interests concerned, including the insured, in the ratio of their respective recoveries as finally settled.

If there is no recovery as a result of proceedings instituted solely at our request, we will bear all expenses of such proceedings.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### SUBROGATION AND CONTRIBUTION

17. Plaintiff incorporates herein by reference the allegations in Paragraphs 1 through 16 above, as if set forth herein in full.

18. As a result of the above-described conduct on the part of each Defendant, RLI is entitled to maintain an action against each Defendant for its wrongful refusal to honor its policy obligations and its wrongful refusal to settle the claims in the Underlying Action by tendering the appropriate amount under each of their policies in settlement of the Underlying Action, and is entitled to recover from Defendants the disproportionate amount of the settlement in the Underlying Action which was involuntary paid by RLI on behalf of BMW under the doctrines of equitable subrogation and/or contractual subrogation, and contribution as recognized under the law and in equity, and as provided in the RLI policy.

19. Under this subrogation and contribution action, RLI either as subrogee or on its own behalf, has sustained damages well in excess of the minimum jurisdictional limits of this Court and for which RLI now sues.

**ORIGINAL COMPLAINT** - Page 7

S:\FILES\RLI\Moore v. BMW 3015.0087\COMPLAINT VERSION TWO.wpd

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

20.     Plaintiff incorporates herein by reference the allegations in Paragraphs 1 through 19 above, as if set forth herein in full.

21.     Pleading further, if such be necessary, RLI would show that the conduct of each Defendant as described herein, constitutes breaches of the above-referenced Philadelphia and USF policies.

22.     As subrogee, RLI is entitled to maintain an action against each Defendant for breach of contract and is entitled to recover from each Defendant the disproportionate amount of the settlement in the Underlying Action which was involuntary paid by RLI on behalf of BMW.

23.     As a result of the breach of contract by each Defendant, RLI has sustained damages well in excess of the minimal jurisdictional limits of this Court and for which RLI now sues.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

24.     Plaintiff incorporates herein by reference the allegations in Paragraphs 1 through 23 above, as if set forth herein in full.

25.     Pleading further, if such be necessary, RLI would show that the conduct of each Defendant as described herein, constitutes negligence.

26.     As subrogee, RLI is entitled to maintain an action against each Defendant for negligence for the wrongful refusal by each Defendant to tender the appropriate amount under their respective policies, and is entitled to recover from each Defendant the disproportionate

amount of the settlement in the Underlying Action which was involuntary paid by RLI on behalf of BMW.

27. As a result of the negligence of each Defendant, RLI has sustained damages well in excess of the minimal jurisdictional limits of this Court and for which RLI now sues.

## FOURTH CAUSE OF ACTION

### ATTORNEYS' FEES

28. RLI has retained the law firm of Quilling, Selander, Cummiskey & Lownds, P.C. to represent it in this lawsuit. RLI has agreed to pay Quilling, Selander, Cummiskey & Lownds, P.C. a reasonable sum for attorney' fees incurred in representing it in this matter. RLI is entitled to recover its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. All conditions precedent to RLI's right to recover attorneys' fees in this action have been satisfied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff RLI Insurance Company respectfully requests the following relief:

1. Judgment against Philadelphia for damages for those amounts which Philadelphia was obligated under its primary policy to contribute toward the settlement of the Underlying Action but which Philadelphia refused to pay, in an amount not less than $500,000;

2. Judgment against USF for damages for those amounts which USF was obligated to contribute toward the settlement of the Underlying Action but which USF refused to pay, in an amount not less than $500,000;

3. Judgment against for Philadelphia for those amounts which Philadelphia was obligated to contribute in settlement of the Underlying Action under the Philadelphia excess policy, but which Philadelphia refused to pay;

4.  Reasonable attorneys' fees incurred in prosecuting this lawsuit;

5.  Prejudgment and post-judgment interest as allowed by law; and

6.  Costs of court, together with such other and further relief, both at law and in equity, to which RLI may be justly entitled.

Respectfully submitted,

_____
GREG K. WINSLETT
State Bar No. 21781900
RICHARD L. SMITH, JR.
State Bar No. 18671200
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEYS FOR PLAINTIFF
RLI INSURANCE COMPANY